Case number 19-4136, Abigail Ladd et al. v. Jack Marchbanks. Oral argument, not to exceed 15 minutes per side. Mr. Murray for the appellants. Good morning, your honors. May it please the court, my name is Zachary Murray of the law firm of Barkin and Robin. I represent the plaintiff appellant landowners in this appeal. At this time, I'd like to reserve three minutes for rebuttal. We're here today seeking the reversal of the October 31, 2019 decision and judgment of the U.S. District Court of the Northern District of Ohio. As part of that relief, we're also asking this court to hold that Ohio's mandamus scheme for uncompensated taking violates the Fifth Amendment of the United States Constitution, and further, that the 11th Amendment's immunity provisions must not act to bar the landowner's claims in this case. As noted by Chief Justice Roberts and Nick, the township of Scott from last term, every state but Ohio permits an action for inverse condemnation by landowners who have had their property taken without paying. Counselor, do you agree that we, I mean, we have published precedent that forecloses those arguments, right? And you are asking us to revisit those in light of Nick. Is that the basic point here? I think, Judge, that the reasoning of the Supreme Court and Nick provides sufficient basis for this court to revisit its prior published opinions. Is that both on the 11th Amendment argument and on the adequacy of the current procedures? Your Honor, I think the court can go as big as it would like to in this case. I think there's a very narrow way that the court can address this issue, and that would be simply to look at the adequacy of Ohio's mandamus procedures. I do think, and I believe there's a very constitutional argument for why this court should look at the interplay of the Fifth and the 11th Amendments more broadly, but it doesn't need to do that in this case. But why, I mean, we've, I understand Ohio's unusual, I used to, you know, everybody knows that you filed a mandamus. The Sixth Circuit has said that's okay. What's changed specifically, and what are you looking at from Nick that's changed that? Well, I think Justice Roberts, while not specifically addressing Ohio's scheme, tips his hand at multiple points in the opinion as to the adequacy issue regarding Ohio's procedures. He notes specifically every state but Ohio has a inverse condemnation remedy or statute, and then later on he says, as now almost every state has an adequate remedy, injunction, injunctive relief is no longer necessary. I think the court is saying, or is saying a lot without explicitly saying it, that Ohio is not adequate. And I think if you look at this court's prior decision in Coles, where the, it was struggling to kind of justify how this mandamus procedure works. Coles was viewed through the prism of a Williamson County precedent. Without Williamson County, we have to look at that precedent in Coles again. And I think Justice Roberts, what he's talking about the need for a full and complete remedy in order to pass muster under the Fifth Amendment, though the other things that he talks about in that opinion, when you look at Ohio's mandamus statute, it is woefully inadequate and just doesn't pass muster. Counsel, has anything changed with respect to the Ohio scheme since 2006? Nothing has changed. I guess I would note, Your Honor, that the question of... Sorry, Nick is intervening precedent, but has anything changed with respect to nuts and bolts of how the Ohio process works? Well, no. I mean, and that's the problem, Judge, is we have... Problem for you or problem for, I mean, because we've already upheld it. So I just want to make sure your eggs are all in the Nick basket, I take it. Well, I think my eggs are also in the horn basket, Judge. Ohio does not have a process by which personal property, you can... Mandamus doesn't work for personal property. Chapter 163 doesn't work for personal property. Horn, as cited by the state, acknowledges there has to be a remedy for personal property taking. Justice Roberts has noted whether you take a car or you take somebody's land, the government is obligated to pay for it. Ohio doesn't have any procedure and is acknowledged by the state to allow for personal property takings claims to be over. There's no process whereby a personal property taking claim could be litigated in the same proceeding as a real property taking claim. So that's the gravamonte of my argument is this case is a perfect example of why the Ohio system doesn't work in light of the things that Chief Justice Roberts identified in Nick as being critical in any Fifth Amendment analysis. So I would refer the court to Horn. I think that's changed the nature of the game a little bit here. And Nick as well. And Ohio has not adapted to meet the constitutional guidelines that have been set forth in order to maintain a state... What is it specifically about the Ohio system that's problematic now? Or what has been brought to light? Is it just that the procedural route that you have to file the mandamus? What are the specifics? Well, I think one thing to take away from Nick to answer the court's question first is you have to look at the remedy. The Fifth Amendment requires a complete remedy. That complete remedy means the costs associated with vindicating your rights. So Ohio does not permit for a fee shifting or any way that a claimant can recover his or her attorney fees in this provision. Ohio's procedure essentially is an administrative remedy that has to be exhausted before you can get to the compensation. And as Justice Roberts notes in Nick, states aren't allowed to create administrative hurdles to a litigant bringing a constitutional claim. So I think that's very problematic as to what the mandamus is. The mandamus is what you have to do to even get to courthouse to get paid. That creates a piecemeal litigation where my clients are going to be forced to argue that a take has occurred. And they're going to have to prove that by clear and convincing evidence. They're going to have to prove that there's no other adequate remedy at law and that there was a clear duty on the part of the state to provide it. That's a much different burden than in any other Fifth Amendment takings jurisprudence that I've seen across the country. And certainly when a case is tried in a normal condemnation action where the state has provided notice, provided an appraisal, and then brought a lawsuit, there's no burden of proof in that proceeding. The only question is the value of the land. So you've created this hurdle to a plaintiff with this mandamus procedure. And so Ohio's process at this point is both the labyrinth and the minotaur. I mean it's designed to frustrate you by creating these procedural hurdles. And it's also designed to stymie the claims ultimately because there's no way that a litigant can afford to fight the state of Ohio all the way to the Supreme Court if they're paying an attorney out of pocket and their land has already been taken. I think that's an important thing to know that is reaffirmed by Nick is this is a constitutional injury where the person has a claim the minute the land is taken. So the procedure has to be geared to providing a complete remedy. And on that basis, I don't think you can look at Ohio's current procedures and say they passed muster. Let me ask you this question. I guess it's a threshold question. Maybe I should have asked it before. But I believe the state suggests that you waived this argument or didn't raise it below. And I'm wondering what your response is to that question. Thank you, Your Honor. I didn't really understand where that came from in our briefing. First of all, Judge Zuhairi likes to move things along. He had a pretty aggressive briefing schedule and he had an oral argument schedule in the briefing that we filed. We noted that there's no adequate remedy. I think there we even emphasize that point. There has to be an adequate remedy in the briefing. And then we discussed that at length in oral argument, which was on the record for which a transcript was prepared and was filed and is part of this record for the court. So to say that we've somehow waived that argument as to the adequacy, I don't think that's that's correct. And frankly, I don't know that we could waive it. If we were, you know, that would result in a fundamental constitutional injury to my clients. And I don't think there's any Sixth at this stage of the proceeding on that basis. I think when this court is looking at this case, it's a bit analogous to the old Popeye cartoons is when people come up and say, I'll gladly pay you Tuesday for a hamburger today. And, you know, that doesn't sound right. But under our existing precedent, the state can take property and pay you later. That I mean, we could, you know, we can we that is permissible under the law. What the state can't do is say, I'll gladly take your hamburger. And then you can go to three different places and recover 85 percent of the value of that hamburger. Can you get do you still have an injunction or equitable relief that you could get in federal court under after Nick that would not be barred by the 11th Amendment? I think at that point, Judge, we're looking for an ex parte young exception. The question is, an ex parte young exception is for an equitable purpose. The question is, what is the court ordering in this case, if it were to issue some sort of an itself and it would be saying there's been a taking the taking is continued is the fact state. I mean, my client's property has been flooded at least three times in two years. It's an ongoing taking. I think the court could issue an injunction and that would the injunction would be state of Ohio taking has occurred. You shall commence appropriation proceedings. I think that would be the the way that the court could keep jurisdiction without having to address the 11th Amendment issue. But at this point, I mean, Ohio, you know, one of the things that Ohio talked about in its brief is, hey, Ohio, you know, the states this was part of the bargain. The states agreed that they would sign on to the union to main but maintain their sovereignty. Well, it goes both ways. To be part of the union, you had to agree that if you break it, you bought it. And that's in the Fifth Amendment. And if you're going to agree to that, you have to have Ohio does not have that. And so in light of that, we think that Ohio's mandamus scheme should be found unconstitutional. I see my time is just about to expire. If there's no questions, I'll pass and save the rest of my time for rebuttal. Great. You'll have your full rebuttal time. We'll hear from Mr. Carney for the state. Good morning. May it please the court, Stephen Carney for the state of Ohio and our director of our Department of Transportation or ODOT in his official capacity. Nothing we've heard so far overcomes either of the independent bases for dismissal here, both the immunity or jurisdictional problem and the adequacy of Ohio's procedures. Because first, federal courts simply don't have jurisdiction overtaking claims or any damages claims against a state officer in official capacity because that's a claim against the state. Nick doesn't change that from DLX. And second, their attack on our adequacy is foreclosed by Coles. Nick doesn't change that either. I think the most important thing to keep in mind here is that this court's standard under Moody and other cases is that for a prior panel to not be followed, the Supreme Court decision that allegedly changes things has to mandate a different outcome. The standard is, does the Supreme Court mandate a new look, not is there a whisper of a hint of a crack in the door that might someday lead to something? And here, Nick wouldn't even meet a whisper standard because it has nothing to do with state immunity. It has nothing to do with jurisdiction. Williamson was a freestanding, separate exhaustion or sequencing remedy that said, when you sue a local government like the Scott and Nick or like Williamson County itself, you go try your state process first before you come here. And then Nick wipes away Williamson. But meanwhile, over here... Counselor, this is Judge Rayther. Can you hear me okay? I can. I apologize. I cut out for a bit of your friends on the other side's argument. I'll go back and listen to it. What's the historical background of why Ohio has a unique procedure, perhaps the most unique procedure? Certainly the Supreme Court identified Ohio's procedure as sort of standing alone. What's the history behind that? Why has Ohio carved a different path as opposed to virtually every other state? I think the more recent history, I admit, I'm not sure in the midst of time, why we didn't just pass an inverse condemnation statute. But because our courts started saying, well, you have a clear legal duty. And keep in mind, in Ohio, unlike federal mandamus, which is very rare, hard to get, state mandamus is used in Ohio all the time, not just in takings. It's used for election law. It's used for all sorts of things with state action. So you go to court, you get your mandamus. It is a two-step, but it's not a particularly cumbersome two-step in that you just go to room one and room two, you're still in a courthouse. And what our history does show is that we pay out, unfortunately for us, we pay out damages claims or takings claims all the time. So there is a rich history. If you look, we say, you know, the donor case against our DNR, there are a lot of cases that have affected a lot of people. That is a flooding case with a lot of landowners. So I think the most important thing our history of recent decades shows, we do pay. And as this court found in Coles, it is adequate. It may be unique, but that's what federalism is all about. Can I ask you a question about the equitable relief option? And I don't, you know, maybe in this particular case, after a flood or something, maybe there's nothing that can be done. But if, does Nick do anything with regard to whether I can go into federal court and get a, get an injunction to stop the state from taking my property imminently? No, your honor, it doesn't. But even before Nick, so the equitable exception that's left and DLX talks about this is, and this is maybe the overlap between 0.1 about immunity, sovereign immunity and jurisdiction and 0.2 about adequacy, is if a state has no process at all, we just said doors closed. We don't have a two-step mandamus. We just don't give takings claims. Then DLX says you could do some sort of injunction perhaps to tell a state, get a process together, do something here. But that wouldn't be the kind of individualized relief they're seeking of give us money damages. The problem is where they're blurring the difference between these two separate points is they're asking for inconsistent things because on one hand, they say we could try to squeeze in an injunction or a declaration here. But on the other hand, when they talk about the adequacy of the procedure, they say we want a jury in federal court to award us damages directly. And the problem is no matter how terrible our procedure allegedly is equitably, and obviously you don't agree with that, but for argument's sake, is that doesn't overcome that the jurisdictional problem here, it's sovereign immunity as confirmed by the 11th amendment, but really goes back to article three, is it doesn't matter what your claim is, you don't get money damages claims against the state. And they are suing the director in his damages. So the scope of the injunction would not be to stop the, stop the building that's ongoing or the, the, the active taking that's occurring. The scope of the injunction would be to order the state to have a process. I think you said process to, to, to remedy the taking. Right. And two things, your honor legal and about the importance of looking at their complaint on the law. The actual constitutional violation is not taking the state of course, is allowed for public use to take the just compensation. It's the refusal to compensate. That actually is the violation. So if there's a flood, you don't come in and say, stop flooding. You say, Hey, cough up the compensation. And if we say no and refuse, that's when the violation is. And so we do have a process here, but again, what's important is if you look, for example, their graphic, they say we're inadequate because they want to get damages. Well, as DLX says, it doesn't matter whether it's fifth amendment, first amendment, second, pick your favorite amendment. There is no right to get money damages against the state agency ever. That's a, that's a global rule. Unless you have either a statute with congressional abrogation, not in play here, even 1983 is only about seeking damages in individual personal capacity. They haven't even named personal capacity. But the other thing is I encourage the court because it's rule 12 here to look at the complaint page ID seven. They have only two counts here. One is you flooded, give me money. The other that seeks a declaration says I want a declaration that you flooded me, give me compensation. So it actually just restates. They want compensation. They don't want a declaration as to adequacy. So this isn't just a waiver in the sense of, Oh, we didn't put it in our opposition emotion to dismiss. This is, it's not really in the four corners of the complaint. There's nothing in the complaint seeking an alternate declaration or alternate injunction. So whatever the legal availability of some injunction in an extreme cases, they have not asked for that. And that's true in their player for relief. Why is it not? You're, you're saying they specifically didn't ask for a declaration that the procedure was inadequate. Correct. Why is that not perhaps generously reading the complaint tied up in their account too? I mean, it would, we could say that, but then of course, they don't get money. I mean, it may be not the prudent thing to do, but why is it not a part of count two at least? Well, first your honor, their account to, they put under section 1983. Um, and that's simply not state as a DLX reaffirms against a state agency and an officer in official capacity counts as agency. So there's the wrong, wrong defendant, wrong structure right there. Um, but second in their second cause of action, paragraphs 31 to 33, they simply say the defendants takings of plaintiff's respective properties as described here in represents an infringement of the constitutional rights. So they're not saying the refusal to compensate represents a violation. They're saying this taking directly. And then they say as a direct result, we suffered damages and an amount to be proven. So they're seeking damages. So they're right in the heartland of the lack of sovereign immunity. I mean, they're, they're asking basically to at that point, um, to question everything about 200 years of, you know, this isn't the Nick what's happened in the last 18 months. This is questioning 200 years of what not just the 11th amendment, but article three is all about. If they are truly seeking a declaratory and injunctive claim, not only would they have to come up with a new complaint, but it would have to be aimed at the because Nick is simply talking about a separate barrier. Williamson puts it up, Nick knocks it down. Meanwhile, immunity against the state as a whole separate thing. Nick has nothing to do with that. And again, I commend my friend on the other side for their openness. They openly say in page 10 of their brief, they want the court to revisit that's their word, not mine, revisit coals and revisit DLX. This panel cannot revisit in cascading order. The Supreme court would have to do something, or if not the Supreme court, the on bond court would have to do something if they want to see, cause they alternately talk about some section five 14th amendment power, Congress would have to do something. So of all the different actors that could do something, even if they were onto something, it's not this panel of this court at this time on this complaint. Um, and again, the inconsistency of they say, okay, maybe we can through the DLX narrow path by switching up to DJ. But then when they come over to coals and adequacy, they say, we want the federal court to be one-stop shopping where we can cash in and actually get a check from federal court. But that puts you again, squarely against the heartland of you cannot ask a federal court to order money damages. It's neither one works on their own, but certainly taken together that that can't work here. And that's why, by the way, the fifth circuit, um, both of them have looked at this exact issue post Nick and have rejected it. So this court would be not only rejecting prior precedent from its own circuit, but a circuit split with the other courts to look at it. So there's really no pathway here. Their best best way is either to just simply do the state court taking claim, or as they already have pending, they filed and have on hold a state court claim in our court of claims that takes a whole different path of just one-stop shopping in the court of claims, claiming it's negligence. And that happens all the time in Ohio too. That's worth noting that they claim negligence in flooding. And there are a lot of claims that are simply not taking to begin with. If, if a state car hits your car, highway patrolman crashes into you, or if I hit you on the way to court, well, if we were going to court, um, but if there's a damage to your car, you don't say, oh, you took my car by denting it. You file a negligence claim. Now that's their choice, how they see it, how they frame it. So I'm not going to tell them how to litigate against us. Both of them at the same time. Well, it, it depends your honor. Um, there is case law in our 10th district that does allow takings claim as an alternative to mandamus in our court of claims. They have chosen not to bring a takings claim. They have two counts in the court of claims, uh, negligence and trespass to chattels. I believe they frame it as, um, but where you, you can't, you don't have to do what they say of try it all because you can't collect for the same damages. If they do collect in their negligence count and we do pay them out for that, um, then obviously there would be a set off when you get to a takings claim, there would be a collateral offset that you've already. Can you get, I guess in the court of claims or is it just the personal property? Um, well, your honor, it's under the 10th district precedent. You can't actually see the taking claim itself, but as far as the negligence claim of what it's brought against, um, when you're in a takings claim, you know, Supreme court case law, um, has already said you don't have a right to, uh, other consequential damages or personal property. In addition to real property, um, doesn't have to be, uh, included in the same way. Obviously horn changes that I'll get back to that. Uh, but the, for instance, getting attorney fees or other, um, or compensatory damages, pain and suffering, other sorts of damages are not part of the tape. Uh, but you can do, you can get full compensation for the takings claim itself. Um, so if I, just to clarify, so if if I have a takings claim and I have some personal, I have real property, this case, this, these facts, I have personal property. Assume I've alleged personal property has been damaged. I want attorney's fees. I want other things in addition to the diminution and the value of my real property. I have to bring the mandamus claim and the, um, and the court of claims. The 10th district says you can bring it all in the court of claims. Uh, but I want to make clear of that bundle, um, that I think under horn, we have to follow including personal property as well as real property. But as far as types of damages, such as compensatory pain and suffering or attorney's fees, no, you don't get those. But bod call company, us Supreme court 1979 says indirect costs to the property owner or other costs are a matter of legislative grace. Kirby forest says that. So we are not obliged to give attorney's fees. We don't in the court of claims, uh, and true, you don't get a jury trial. Um, I know though, one of the things they complain about is whether they'd have to do yet another case against the contractor. We in the court of claims have actually already third party and plead at the contractor. So the contractor and the state are all together in the court of claims. Um, but again, that's a matter of how they've chosen to litigate whether they want to go the mandamus path. But whatever happens in Ohio, whether you go mandamus and I see my time is up. So if I may briefly conclude, none of that creates the right to a federal claim for money damages because that's the heart of article three and the lack of jurisdiction. There's no ticket to money in federal court. So we ask that you affirm. Okay. Thank you. Mr Carney. Uh, we'll hear rebuttal. Uh, thank you, your honor. A couple points regarding the structure of the mandamus, categorizing it as going from room one to room two. Uh, I, I cannot agree with, uh, the mandamus procedure renders a final judgment subject to appeal, meaning the state, if it's unhappy with the mandamus decision has an immediate right of appeal and can take it all the way up to the Ohio Supreme court. Only then after all appeals are exhausted, can it come back down and then a compensation proceeding occur. So we could be looking at years between when it gets filed and when my clients actually get money under the mandamus statute. Um, I think that's another procedural hurdle. Um, but by that, by that, uh, by just cop, by just compensation, it seems to just seems to sort of focus on the amount, not necessarily on whether it occurs in five days or five years. Well, I think you're making a delay. You're making a delay in payment point, right? Well, I'm making a delay and a totality of payment point. I'd like to speak as to the attorney's fees as well. Um, and on, on to answer the court's question, uh, yeah, they're required to pay prejudgment interest. Okay. Under, under Supreme court precedent under Ohio law, but justice delayed is still justice denied first and foremost. This is a system that is designed to create hurdles, create barriers to compensation. And then when you get there, it's not full compensation because there is a time value of your money and going to get it. Uh, if you have to run all over town to get the same money, you should get a little more for your effort. Uh, and Ohio recognizes that because they do permit attorney's fees. Every other state within this, this, uh, this circuit allows for attorney's fees, both on a regular condemnation claim. And with the exception of this state on an inverse condemnation claim, attorney's fees are permitted. And to speak to the court of claims litigation, I was hired with a statute pending two years. Ours is the statute of limitations for claims against the state that put us in a position where we had to file everything to protect everything. This court of claims case is in a great example of why this system doesn't work. I'm stuck in the court of claims, trying to construction case. When my client's homes were flooded, they had nothing to do with that project. They were asleep in their house the first time and their water came into their house and started flooding it. That is not the same thing as director March banks rear ended me at a stop sign. That is a taking. So now we've had to create a legal fiction where it's a negligence claim and we're going to have to deal with specific causation. I've received requests for admission from the construction company regarding mitigation of my client's damages and causation issues. If I'm in a takings claim in federal court, I don't have that discussion. My clients don't need to prove that my clients shouldn't have to prove it. My clients had did nothing here, but live in their property. And it was taken from them. Their stuff was destroyed and they were thrown from their house. And with that, your honor, I think that emphasizes the importance. I see my time is up. We ask that you reverse. We think there is basis to do so. Thank you, your honor. Thank you counsel for your arguments. The case will be submitted.